United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Juan Jasso Perez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-7436 |
| | § | |
| Markwayne Mullin, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Juan Jasso Perez's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Mexico, *id.* ¶ 35, concedes that he unlawfully entered the United States in 2000, *id.* ¶ 36. On August 14, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending his removal proceedings. *Id.* ¶ 40, at 2. He remains in the custody of Respondent Warden of the Montgomery Processing Center in Conroe, Texas. *Id.* ¶ 40. Petitioner filed this Petition asserting that his current detention violates (i) the Immigration and Nationality Act ("INA"); (ii) substantive due process; (iii) procedural due process; and

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

(iv) the Administrative Procedure Act.[2] *Id.* ¶¶ 95–99, 105–11. Petitioner further claims that Respondents have failed to provide a meaningful case-specific consideration of less restrictive alternatives to detention, including parole. *Id.* ¶¶ 100–04.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[3]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding

---

[2] The Petition twice references substantive and procedural due process, *see* Doc. 1 ¶¶ 33, 63, but does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process, *see* Doc. 1 ¶¶ 95–99. The Court assumes that Petitioner intends to raise due both due process challenges.

[3] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[4]

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected all but one of the precise challenges raised by Petitioner in *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026), where the Court held that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

Finally, the Court lacks jurisdiction over Petitioner's claim that Respondents have failed to provide a meaningful case-specific consideration of less restrictive alternatives to detention, including parole (Second Cause of Action). Detention under 8 U.SC. § 1225(b)(2)(A) is mandatory, and the only alternative to such detention is humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). *See Buenrostro-Mendez*, 166 F.4th at 502 ("The statute unambiguously provides for mandatory detention."); *Jennings. v. Rodriguez*, 583

---

[4] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

U.S. 281, 283 (2018) ("That express exception[, humanitarian parole,] implies that there are no other circumstances under which aliens detained under § 1225(b) may be released."). Congress has vested the Attorney General with discretion over whether to release an alien on humanitarian parole, *see* 8 U.S.C. § 1182(d)(5)(A), and stripped courts of jurisdiction to review this exercise of discretion, *see* 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority of which is specified under this subchapter to be in the discretion of the Attorney General.").[5] As such, the Court lacks jurisdiction over this claim because the only alternative to detention under § 1225(b)(2), humanitarian parole, is committed to the sole, unreviewable discretion of the Attorney General.

Because Petitioner asserts grounds for relief that either the Court previously rejected in *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026) (Petitioner's First, Third, and Fourth Causes of Action), or lack merit upon a screening of the Petition (Petitioner's Second Cause of Action), it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED. The First, Third, and Fourth Causes of Action are DISMISSED WITH PREJUDICE. The Second Cause of Action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Clerk shall deliver a copy of this

---

[5] "'[T]his subchapter' refers to Title 8, Chapter 12, Subchapter II of the United States Code, codified at 8 U.S.C. §§ 1151–1381 and titled 'Immigration.'" *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of October, 2026.

Nicholas J. Ganjei
United States District Judge